## (October 11, 1962)

■ John Di Costanzo, Respondent, v. Ferdinand J. Fiumano, Appellant.

Appeal from a judgment of the Supreme Court in favor of plaintiff entered December 14, 1961 in Bronx County, upon a decision of the court at a Trial Term, without a jury.

Judgment affirmed.

Steuer, J. (dissenting). This case arose out of a hunting accident in Columbia County in December, 1958. Four men, including plaintiff and defendant, drove to the vicinity of Chatham, left their car and took to the fields. Before they started in pursuit of game, they all agreed on a *modus operandi* for their mutual protection. They were to proceed in a line, all abreast, with intervals of 20 feet between each hunter. Two of the hunters, one of them the defendant, had dogs. In the course of the morning, plaintiff discovered that he had dropped the shells out of his gun and went back to look for them in the part of the field they had just traversed. He gave no warning and did not inform any of

his companions that he was leaving the line, nor does he claim that any of the others were aware that he had deviated from the course of conduct that they had fixed. While plaintiff was so absent and out of place, defendant's dog started a rabbit. The quarry circled around. Defendant held his fire until the rabbit had passed what the defendant had reason to believe was the line of danger to his companions, but when his potential target reached a point behind their line of advance, he fired. A portion of the discharge from his shotgun struck the plaintiff.

Upon these facts, none of which are contested, the learned court below and a majority of this court have found the defendant negligent and the plaintiff free from contributory negligence. Presumably, the reasoning is that the defendant should have seen the plaintiff (no one claims he fired at him deliberately) and the question of contributory negligence was for the trier of the facts. Upon both of these propositions a wealth of authority can be cited with a minimum of effort. If that were all there was to it, discussion would be supererogation. However, this surface reasoning does not reach the vitals of the case.

Taking first the issue of contributory negligence, it is true that whether the conduct of the plaintiff in the usual circumstances of everyday life measures up to the standard of care enjoined by reasonable prudence is peculiarly the province of the trier of facts. This is so for two reasons: It is impossible to formulate rules to prescribe the degree of care commensurate with the circumstances in most of these activities such as, for example, walking down a street; and, secondly, the trier of the facts is admirably equipped to determine, in the particular instance, whether that standard has been reached. So that, once the trier resolves what happened, the determination as to whether that measures up to the requisite care is practically unchallengable. But when the activity is alien to the trier's experience, the evidence in the case must be the guide not only as to what happened but also as to whether that indicates care. Here, there was no proof except the bald recitation of the facts. It is submitted that a finding that plaintiff's conduct established reasonable care was not shown. He went into an area that, from the activity contemplated, could not but be a sphere of danger unless precautions were observed. He participated in establishing the procedure that was to constitute that precaution. He violated that procedure. Had he continued in the line fixed he would not have been hit. To say, without a shred of proof, that his deviation was what a reasonably prudent man would have done appears somewhat unusual. While a jury of city dwellers would be able to say whether the attention given by a pedestrian to the surface of a street and the acts that he performed in traversing it did or did not constitute due care, it does not follow that the general experience which dispenses with the necessity of expert evidence in this situation extends to travel in the forest, on the veldt, or over the tundra. To say or hold that it does is to give credit to the triers of fact for an omniscience which few claim to have and none possess.

As to defendant's negligence, the same failure to supply necessary proof exists. We all know that one is assumed to see what is in one's line of vision. But there is no proof that plaintiff was in the line of vision at the time defendant shot, except the conclusion that he was in the line of fire because he was hit. It appeared that eight pieces of buckshot struck him. At 20 feet, this would indicate that the periphery of the discharge struck the plaintiff. A man sighting along a gun barrel has conscious sight only of the immediate area of his target. If he sees more, his bullet will never reach its objective. It does not appear that defendant saw the plaintiff. Nor was he obligated to look for him in a place where, under their plan, he was not expected to be.

As neither negligence nor freedom from contributory negligence was established, the judgment should be reversed and the complaint dismissed.

Rabin, J. P., McNally and Eager, JJ., concur in decision; Steuer, J., dissents in opinion in which Valente, J., concurs.

Judgment affirmed, with costs to respondent.